# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: B.S. and J.S.

No. 17-0739 (Kanawha County 16-JA-374 & 16-JA-375)

**FILED**

**January 8, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother E.S., by counsel Edward L. Bullman, appeals the Circuit Court of Kanawha County's July 24, 2017, order terminating her parental rights to B.S. and J.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that she failed to make progress in resolving the issues of abuse and neglect; denying her request for an extension of her post-adjudicatory improvement period and denying her motion for a post-dispositional improvement period; refusing to consider evidence of false-positive drug screens; denying drug screening at her place of employment; and denying her motion for post-termination visitation.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused B.S. and J.S. Specifically, the DHHR alleged that petitioner overdosed on heroin while caring for the children. Petitioner was arrested and criminally charged with child neglect creating risk of injury. The DHHR also alleged that petitioner had a history of substance abuse and failed to provide the children with necessary food, clothing, supervision, and housing. The DHHR further alleged that petitioner failed to provide the children with financial support and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not raise a specific assignment of error regarding termination of her parental rights.

1

that she was unable to provide for the children's needs. Petitioner waived her preliminary hearing.

In September of 2016, the circuit court held an adjudicatory hearing at which petitioner stipulated to the allegations of abuse and neglect. Petitioner was adjudicated as an abusing parent and was granted a post-adjudicatory improvement period. In December of 2016, the circuit court held a review hearing on petitioner's post-adjudicatory improvement period. The circuit court found that petitioner failed to comply with the terms and conditions of her post-adjudicatory improvement period due to positive drug screens and terminated her improvement period. Petitioner did not testify on her own behalf at the review hearing. The circuit court ordered the DHHR to continue providing petitioner with remedial and reunification services. In January of 2017, the circuit court held a dispositional hearing and continued the hearing for further disposition. The guardian requested that petitioner continue her random drug screens, obtain outpatient substance abuse treatment, participate in weekly counseling, adult life skills and parenting classes, obtain and maintain appropriate housing, and obtain verifiable employment.

In May of 2017, the circuit court held a final dispositional hearing. The DHHR presented testimony that petitioner did not take advantage of services offered to her, that she took "some drug screens, not all of them," and was dishonest regarding how much she was working. The DHHR presented testimony that petitioner told service workers that she was working from 9:00 a.m. to 6:00 p.m. every day, but the DHHR determined that petitioner was only working an average of ten hours per week. The DHHR also presented testimony that petitioner did not seem to be "sufficiently motivated to correct the situation which led to the filing of this petition." The DHHR further presented testimony that petitioner could have attended thirty-nine parenting sessions, but only attended nineteen sessions. During the sessions she did attend, the specialist reminded petitioner to participate in treatment and Narcotics Anonymous classes, but petitioner failed to participate in those services. Finally, the DHHR presented testimony that petitioner did not benefit from services.

A Child Protective Services ("CPS") employee testified that drug testing was being conducted at petitioner's place of work by Empowering Families, but petitioner missed drug screens in January of 2017, February of 2017, and March of 2017. The drug screens from Empowering Families at petitioner's work place stopped in March of 2017. The CPS employee also testified that the DHHR considered missed screens as positive screens. For these reasons, the DHHR recommended termination of petitioner's parental rights. The guardian joined in the DHHR's motions and recommendations and stated that petitioner lied about her work schedule, failed to participate in treatment, failed to attend drug screens, and failed to take responsibility for her actions. The circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was in the best interests of the children. The circuit court denied petitioner's motions for a post-dispositional improvement period and post-termination visitation. Ultimately, the circuit court terminated petitioner's

2

parental rights in its July 24, 2017, order.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that the circuit court erred in finding that she failed to make progress in resolving the issues of abuse and neglect. However, the DHHR presented ample evidence to demonstrate that petitioner failed to progress in resolving the issues of abuse and neglect. The DHHR established that petitioner lied about her work schedule, missed several parenting sessions and drug screens, failed to participate in treatment, and did not benefit from services. For these reasons, the circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. Based on this evidence, we find the circuit court did not err in finding petitioner failed to make progress in resolving the issues of abuse and neglect.

Next, petitioner argues that the circuit court erred in denying her an extension of her post-adjudicatory improvement period and in denying her motion for a post-dispositional improvement period. Petitioner further asserts that she obtained employment, attended counseling, and attempted to obtain housing. We do not find petitioner's arguments compelling.[4]

---

[3]In addition to the termination of petitioner's parental rights, the parental rights of I.K., the father of B.S. and J.S. were terminated. According to the DHHR and the guardian, the children are placed in a foster home with a permanency plan of adoption.

[4]Additionally, petitioner argues that her parental rights are fundamental rights protected by the Due Process Clause of the United States Constitution. Petitioner is correct that her parental rights are fundamental rights protected by the Due Process Clause, however; she makes no argument that her due process rights were violated and there is no evidence of a violation of her rights in the circuit court's denial of her motions.

West Virginia Code § 49-4-610(6) provides that a circuit court may grant an extension of a post-adjudicatory improvement period when it finds that the parent "has substantially complied with the terms of the improvement period[.]" Additionally, in order to receive a post-dispositional improvement period, West Virginia § 49-4-610(3)(D) requires that the parent "has experienced a substantial change in circumstances" since the initial improvement period and "demonstrate[] that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period."

Although petitioner moved for a post-dispositional improvement period, she makes no reference to the record wherein she requested an extension of her post-adjudicatory improvement period. Moreover, petitioner does not argue that she experienced a substantial change in circumstances since her initial improvement period as required by West Virginia Code § 49-4-610(3)(D). On the contrary, the circuit court terminated petitioner's post-adjudicatory improvement period for failure to comply. The DHHR established that petitioner did not take advantage of services, failed to attend drug screens, was dishonest about her work schedule, and failed to benefit from services. The DHHR also provided remedial and reunification services after her post-adjudicatory improvement period was terminated, but she failed to fully comply. Based on this evidence, petitioner failed to fully comply with the terms of her post-adjudicatory improvement period and therefore failed to demonstrate that she would fully comply with an extension thereto. Therefore, the circuit court did not err in failing to grant petitioner an extension of her post-adjudicatory improvement period or a post-dispositional improvement period and she is entitled to no relief in this regard.

Next, petitioner argues that the circuit court erred in refusing to consider evidence of false-positive drug screens because she alleges that her positive drug screens were caused by her use of a stomach medication. Petitioner asserts that she offered the circuit court an internet searched article titled "Commonly Prescribed Medications and Potential False-positive Urine Drug Screens" to support her position that her stomach medication was causing her to test positive on some drug screens. She argues that the evidence presented was reliable and necessary to explain the circumstances of the positive screens.

The circuit court was within its discretion to find that the article petitioner provided was not compelling. Petitioner declined to testify regarding her use of the stomach medication, and did not provide an expert to testify that the stomach medication may cause false-positive drug screens. Even assuming that petitioner's screens yielded false-positive results, petitioner's argument ignores the fact that she missed several drug screens in January of 2017, February of 2017, and March of 2017, and the DHHR considered these screens to be positive. Accordingly, we find no error.

Next, petitioner argues that the circuit court erred by not permitting drug screening at her place of employment. Petitioner argues that the DHHR "did not use reasonable means to aid her with the requirement that she drug screen." Petitioner argues that the DHHR prevented her from obtaining screens when it stopped providing drug screens at her place of employment. We disagree.

4

The record on appeal establishes that petitioner received screening at her place of employment, but, despite this accommodation, failed to comply with services and missed several drug screens. After being absent from work and missing multiple drug screens in January of 2017, February of 2017, and March of 2017, Empowering Families stopped going to petitioner's place of work for drug screens. Based on this evidence, the circuit court did not err in failing to permit drug screening at petitioner's place of work.

Lastly, petitioner argues that the circuit court erred in denying her motion for post-termination visitation. Petitioner argues that she and her children had a strong bond and attachment. Further, petitioner asserts that the children expressed that they wanted to return home with their mother. However, petitioner is not entitled to relief in this regard. In discussing post-termination visitation, we have held

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W.Va. 79, 562 S.E.2d 147 (2002). The evidence established that continued contact with petitioner would not be in the children's best interests due to petitioner's history of substance abuse as well as abuse and neglect, and would delay permanency. Despite petitioner's assertion that the children wished to return to her care, the circuit court was not required to consider the children's wishes because of their young age. At the time of the dispositional hearing, the children were only six and eight years old, respectively. Pursuant to West Virginia Code § 49-4-604(b)(6)(C), at disposition, circuit courts must consider the wishes of "a child fourteen years of age or older or otherwise of an age of discretion as determined by the court[.]" There is no indication in the record that these children were of appropriate maturity such that the circuit court was required to consider their wishes. For these reasons, we find no error in the circuit court's denial of post-termination visitation with petitioner.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 24, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: January 8, 2018

5

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker